**JUDGE RAMOS**

15 CV 00089

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY, | : | No. |
| Petitioner, | : | |
| v. | : | ECF Case |
| NEW JERSEY TRANSIT CORPORATION, | : | |
| Respondent. | : | |



## PETITION TO COMPEL ARBITRATION

Petitioner Hudson Specialty Insurance Company ("Hudson"), by and through its attorneys, Steptoe & Johnson LLP, for its Petition to Compel Respondent New Jersey Transit Corporation ("NJT") to participate in arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., alleges as follows:

### NATURE OF THE ACTION

1. Hudson commenced this proceeding to compel NJT to arbitrate disputes concerning (i) the interpretation of the terms and conditions of Hudson policy No. HCS100133 (the "Policy"), and (ii) the proper adjustment and/or payment of NJT's insurance claims.

### THE PARTIES

2. Petitioner Hudson is organized under the laws of the State of New York, with its principal place of business in New York, New York.

3. Respondent NJT is organized under the laws of New Jersey, with its principal place of business in Newark, New Jersey.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 because the underlying controversy is subject to a written arbitration clause in a contract involving commerce and, in the absence of the arbitration clause, could have been brought in this Court. This Court also has jurisdiction because the dispute is between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.      Hudson issued the Policy from its New York office to NJT in New Jersey for the period July 1, 2012 to June 30, 2013. *See* Exhibit A.[1]

7.      The Policy contains an endorsement titled "Arbitration Clause Endorsement" that states:

> If there is any dispute or disagreement as to the interpretation of the terms and conditions of this policy or the development, adjustment, and/or payment of any claim, they shall be submitted to the decision of a Joint Arbitrator that the Insured and Company shall appoint jointly.
>
> If there is no agreement on the selection of the Joint Arbitrator within a period of 30 days after the decision is made, the Insured and the Company shall each appoint their Representative Arbitrators in writing within 10 days, who shall rule in a joint decision 15 days after they are summoned.
>
> In the event the Representative Arbitrators do not agree, they shall inform the contracting parties in writing of their appointment of a Tie-Breaking Arbitrator, who must be accepted before any judicial action is proposed.

---

[1] All citations to exhibits refer to the exhibits annexed to the Declaration of Harry Lee in Support of Petition to Compel Arbitration, submitted herewith.

> The Tie-Breaking Arbitrator shall chair the meetings he or she considers necessary with the two disagreeing Representative Arbitrators….

See Exhibit A, "Arbitration Clause Endorsement."

8. The Hudson Policy includes a "Flood Sublimit", "Flood" definition, and a "Named Windstorm" definition. See Exhibit A, ¶¶ 2, 12 and 14.

9. The Hudson Policy's "Flood Sublimit" states:

> The following sublimits are 100% per occurrence ground-up sublimits. We shall not be liable for more than our proportional share of the following sublimits (aggregate where applicable) which are part of, and not in addition to the limit of liability.
>
> B. $100,000,000 per occurrence and in the aggregate in any one policy year as respects losses caused by flood.

See Exhibit A, ¶ 2; Exhibit C at 4.

10. The Policy's "Flood" definition states:

> The term Flood shall mean a temporary condition of partial or complete inundation of normally dry land from:
>
> 1. The overflow of inland or tidal waters outside the normal watercourse or natural boundaries[;]
>
> 2. The overflow, release, rising, back-up, runoff or surge of surface water; or
>
> 3. the unusual or rapid accumulation or runoff of surface water from any source.

See Exhibit A, ¶ 12; Exhibit C at 3.

11. The Policy also contains a "Named Windstorm" definition. See Exhibit A, ¶ 14; Exhibit D at 1. The applicable "Named Windstorm" definition is not reflected in the copy of the Policy as issued, but it is cited and adopted by NJT in its Complaint. See Exhibit B, ¶ 36. The applicable "Named Windstorm" definition states:

> Named windstorm shall mean direct action of wind including ensuing storm surge when such wind/storm surge is associated with, or occurs in conjunction with a storm or weather disturbance which is named by the National Oceanic Atmospheric Administration's (NOAA) National Hurricane Center or similar body until sustained wind speeds drop below the parameter for naming storms.
>
> Storm surge is defined as water driven inland from coastal waters by high winds and low atmospheric pressure.

*See* Exhibit B, ¶ 36.

12.     The interpretation of these Policy terms and the disagreement over payment is at the center of the dispute.

13.     In or around October 29, 2012, NJT alleges that it suffered property damages losses due to flooding. *See* Exhibit B, ¶¶ 42-44.

14.     NJT asserts that its flood losses are not impacted by the Hudson Policy's "Flood Sublimit," because the "Flood" and "Named Windstorm" definitions negate that sublimit, and thus NJT's flood losses are covered under the Hudson Policy. *See* Exhibit B, ¶ 61.

15.     In letters sent on April 3 and 5, 2014, Hudson denied coverage because, in its view, the "Flood Sublimit" applies regardless of the "Flood" and "Named Windstorm" definitions. *See* Exhibit C at 4; Exhibit D.

16.     On October 1, 2014, NJT filed Complaint No. ESX-L-6977-14 in the Superior Court of New Jersey in Essex County (the "Complaint"). Despite the presence of the Arbitration Clause, NJT named Hudson as a Defendant in that suit, which asserts that there is coverage for the losses under the Hudson Policy. *See* Exhibit B.

17.     On October 28, 2014, Hudson provided NJT with written notice of its arbitration demand to arbitrate the dispute over the interpretation of the Policy's terms and the adjustment and/or payment of the claim. *See* Exhibit E.

4

18. To date, NJT has not agreed to arbitrate the dispute.

## FIRST CAUSE OF ACTION

19. Hudson repeats and realleges the allegations set forth in paragraphs 1 through 18 above as it fully set forth herein.

20. The Hudson Policy is a contract involving commerce.

21. The Hudson Policy requires arbitration of "any dispute or disagreement as to the interpretation of the terms and conditions of this policy or the development, adjustment, and/or payment of any claim."

22. The dispute placed at issue by NJT in its Complaint is a "dispute or disagreement as to the interpretation of the terms and conditions of" the Hudson Policy, as well as a "dispute or disagreement" as to the "development, adjustment, and/or payment" of NJT's claim.

23. Pursuant to 9 U.S.C. § 4, and in accordance with the Hudson Policy, this Court has authority to compel NJT to arbitrate its claims and disputes with Hudson in this judicial district.

24. No prior application for relief sought herein or for similar relief has been made.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Hudson respectfully requests that the Court enter an order (i) compelling Respondent NJT to arbitrate its claims in this judicial district, (ii) granting Hudson its attorneys' fees and costs, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 7, 2015
New York, New York

          STEPTOE & JOHNSON LLP

By: _____

Jeffrey A. Novack (JNovack@steptoe.com)
1114 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 506-3900
Facsimile:    (212) 506-3950

Harry Lee (*pro hac vice* application to be submitted) (HLee@steptoe.com)
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone:   (202) 429-3000
Facsimile:    (202) 429-3902

*Attorneys for Petitioner Hudson Specialty Insurance Company*